FILED IN OPEN COURT

JUL 22 2005

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA  :

*versus*  :  CRIMINAL NO. 05-122-B

REBECCA S. TASSIN  :

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to an Indictment charging Bank Fraud, in violation of Title 18, United States Code, Section 1344.

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, no additional criminal charges related to the violations contained in the Indictment will be brought against the defendant in this district.

3.

The defendant agrees to fully and truthfully complete the financial statement provided to her by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, she agrees to provide the Office of the United States Attorney with any information or documentation in her possession regarding her financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against her, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate her

capacity to pay the government's claim or judgment against her, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, she may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against her. The defendant's plea of guilty may not be withdrawn.

4.

The defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

5.

The defendant understands that, as a result of this Plea Agreement, she could receive a maximum sentence of not more than thirty (30) years imprisonment, a $1,000,000 fine, or both. In addition, the Court must impose a special assessment of $100, which the defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, she may also receive a term of supervised release after imprisonment of not more than five (5) years. The defendant further understands that supervised release is a period of supervision during which she must comply with certain rules. Supervised release is

imposed in addition to any sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of imprisonment of up to three (3) years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

6.

The United States and the defendant further agree that should the Court, at the time of sentencing, find that, pursuant to Section 3E1.1(a), United States Sentencing Guidelines, the defendant qualifies for a two level decrease in offense level for acceptance of responsibility, and prior to the operation of Section 3E1.1(a) the defendant's offense level is 16 or greater, the United States will move the Court pursuant to Section 3E1.1(b), United States Sentencing Guidelines, to decrease defendant's offense level by one additional level for acceptance of responsibility.

7.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

> Rebecca Tassin started working for Peak Performance Physical Therapy and Fitness, L.L.C. ("Peak Performance") in February of 2001, in Baton Rouge, Louisiana. As part of her duties with Peak Performance, Tassin had access to checks from third parties made payable to either Peak Performance or to individual therapists working at Peak Performance. Tassin also had access to the computer accounting records for Peak Performance.
>
> From in or about April of 2001, through in or about July of 2004, Tassin stole approximately 189 checks made payable to either Peak Performance or one of the individual therapists, totaling approximately $182,500.81. Tassin then fraudulently endorsed those checks and deposited them into her personal bank account at Hibernia National Bank.
>
> Peak Performance and the individual therapists had no knowledge of Tassin's actions and did not consent to or authorize her to negotiate those checks. In order to conceal her fraudulent activity, Tassin altered the computer accounts at Peak Performance. Specifically, Tassin falsely

3

recorded "adjustments" to the patient accounts in order to eliminate any outstanding balances remaining due to her theft of payments on those accounts. In addition, Tassin falsely recorded some of those adjustments as having occurred in prior months in order to avoid their detection as adjustments in the current month. Finally, when approached by an owner of Peak Performance regarding the discovery of one such check being deposited in her personal account, Tassin claimed that the check was deposited by mistake, that it was the only such check ever deposited, and agreed to repay the amount of that check.

On December 8, 2004, Rebecca Tassin, along with her attorney, was interviewed at the East Baton Rouge Parish Sheriff's Office, Financial Crimes Division. Tassin was advised of her rights per Miranda and signed a consent to questioning form. She admitted that in late 2001, she began to take checks from the mail at Peak and deposit them into her personal bank account. She said that she typically took about a check a month. Tassin said that she spent all of the money on "different things."

From in or about October of 1997, to in or about March of 2001, Tassin worked at the Women's Healthcare Specialty Group and had access to payments made to the Women's Healthcare Group and the individual doctors working at the Women's Healthcare Group. From in or about November of 1999, through in or about March of 2001, Tassin stole approximately 40 checks made payable to either the Women's Healthcare Specialty Group or the individual doctors, totaling approximately $28,772.35. Tassin then fraudulently endorsed those checks and deposited them into her personal bank account at Hibernia National Bank.

The Women's Healthcare Specialty Group and the individual doctors had no knowledge of Tassin's actions and did not consent to or authorize her to negotiate those checks.

Bank records obtained from Hibernia National Bank confirm that a total of 229 checks totaling approximately $211,273.16 were fraudulently negotiated by Tassin and deposited into her account. At all times relevant to this conduct, Hibernia National Bank was a financial institution within the meaning of Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

The defendant understands that the Court is not bound by this stipulation.

8.

The defendant and the United States agree, pursuant to Title 18, United States Code, Section 3663(a)(3), that the Court shall not be limited to the count of conviction for purposes of ordering restitution. As a condition of this Plea Agreement, defendant further agrees that the Court will order full restitution in the amount of $181,050.81 to Peak

4

Performance Physical Therapy and Fitness, L.L.C., and $28,772.35 to the victims of her fraudulent conduct with respect to money stolen during her employment with Women's Healthcare Specialty Group.

9.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

10.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to her as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that she has not been threatened, intimidated, or coerced in any manner.

11.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that she fully understands the agreement. The defendant has no objection to the legal representation she has received.

This Plea Agreement is entered into this 22nd day of July, 2005, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

_____
REBECCA S. TASSIN
DEFENDANT

_____
DAVID R. DUGAS, LBN 5134
UNITED STATES ATTORNEY

_____
R. CHRIS OETJENS, LBN 27592
ATTORNEY FOR DEFENDANT
704 South Foster Drive
Baton Rouge, Louisiana 70806
Telephone: (225) 935-2222
Fax: (225) 935-2232

_____
RICHARD L. BOURGEOIS, JR., LBN 28874
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561